1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11

12    PENNY L. PATINO,                          Case No. 16-cv-02695-LB

13                    Plaintiff,

14           v.                                 **ORDER GRANTING IN PART THE
                                                DEFENDANTS' MOTION TO DISMISS**
15    FRANKLIN CREDIT MANAGEMENT
      CORPORATION, et al.,
16                                              Re: ECF No. 37
                      Defendants.

17

18                                  **INTRODUCTION**

19          This case is about a mortgage foreclosure.[1] Penny Patino, the homeowner and borrower,

20    alleges that Cal State 9 Credit Union, the lender, improperly refused to accept her notice of

21    rescission under the Truth in Lending Act ("TILA").[2] She also challenges Cal State 9's assignment

22    of the loan to Bosco Credit and brings several state-law claims against Bosco, Franklin Credit

23    Management (the deed-of-trust beneficiary), and The Wolf Firm (the trustee).[3] The defendants

24

25

26    _____

      [1] First Amended Compl. ("FAC") – ECF No. 35. Record citations refer to material in the Electronic
      Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.
27    [2] *Id.* ¶¶ 18–23.

28    [3] *Id.* ¶¶ 26, 42.

United States District Court
Northern District of California

1    move to dismiss the complaint and argue, among other things, that the statute of limitations bars

2    each of her claims.[4]

3        The court held a hearing on the motion on February 9, 2017. The court grants in part the

4    motion and dismisses Ms. Patino's TILA claim because, as pled, it is time-barred. The court grants

5    leave to amend that claim. But because the court dismisses the TILA claim — the only one

6    supporting original subject-matter jurisdiction — it declines to exercise supplemental jurisdiction

7    over the remaining state-law claims and dismisses them without prejudice.

8

9                                    **STATEMENT**

10       Ms. Patino obtained a $155,571.67 home-equity credit line from Cal State 9 Credit Union on

11   July 14, 2006.[5] She executed a promissory note and a deed of trust, and Cal State 9 provided a

12   "Notice of Right of Rescission" informing her of her right to rescind, or cancel, the loan.[6] The

13   notice said that she could do so within three business days by sending Cal State 9 a written

14   statement declaring her intention to cancel.[7]

15       And Ms. Patino did just that: on July 18 she faxed a handwritten note saying "I wish to

16   cancel," and hand-delivered a second letter stating "Today I cancelled totally."[8] Ms. Patino then

17   sent Cal State 9 a check for $155,571.67, the full loan balance.[9] She had sufficient funds to cover

18   the amount at the time.[10]

19       Cal State 9, however, "refused to accept [her] check[] and refused to allow [her] to cancel the

20   loan."[11] Ms. Patino received "her check back with an 'X' and the word 'void' written on [it],"

21   which she alleges Cal State 9 wrote in attempt "to disregard [her] rescission and cancellation of

22   _____

23   [4] Motion to Dismiss – ECF No. 37.

     [5] FAC ¶ 18, Ex. A.

24   [6] *Id.* ¶¶ 18–19, Exs. A & B.

25   [7] *Id.* ¶¶ 19–20.

26   [8] *Id.* ¶ 21, Ex. C.

     [9] *Id.* ¶ 22, Ex. D.

27   [10] *Id.* ¶ 22.

28   [11] *Id.* ¶ 23.

United States District Court
Northern District of California

the loan."[12] Because "the loan was never cancelled or rescinded, [Ms. Patino] was compelled to continue to make" payments.[13]

Cal State 9 subsequently assigned its interest to Bosco Credit in 2008.[14] Seven years later, The Wolf Firm (the deed-of-trust trustee) sent Ms. Patino a demand letter "stating that she was in default on her obligations under the promissory note and deed of trust in the amount of $77,177.57."[15] The Wolf Firm also "threaten[ed] that if payment was not received in 30 days, then the entire sum of both principal and interest [would] become due, on penalty of the power of sale in the deed of trust."[16] And over the next several months, the firm took action on the default: first, it recorded a Notice of Default; then, it recorded a Notice of Trustee's Sale, "stating that the amount of unpaid balance and other charges was $248,329.46."[17]

Ms. Patino then sued in May 2016. She brings seven claims in her First Amended Complaint ("FAC"): (1) violation of the Truth in Lending Act ("TILA"); (2) wrongful foreclosure; (3) violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200; (4) breach of contract; (5) quiet title; (6) intentional infliction of emotional distress; and (7) negligent infliction of emotional distress.[18] She requests damages, declaratory relief, and an injunction.[19] The defendants move to dismiss the FAC because, among other things, her claims are barred by the statute of limitations.[20] The court held a hearing on the motion on February 9, 2017.

_United States District Court_
_Northern District of California_

---

[12] *Id.* ¶ 23, Ex. D.

[13] *Id.* ¶ 27.

[14] *Id.* ¶ 26, Ex. F.

[15] *Id.* ¶ 29, 30, Exs. H & I.

[16] *Id.* ¶ 29.

[17] *Id.* ¶¶ 31–32, Exs. J & K.

[18] *See id.* ¶¶ 33–39, 40–67, 77–89.

[19] *Id.* ¶¶ 68–76, Prayer.

[20] Motion to Dismiss – ECF No. 37.

**RULE 12(B)(6) LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**ANALYSIS**

The court first considers Ms. Patino's claim for damages under TILA because that is the only claim that confers original subject-matter jurisdiction. (The others are state-law claims that do not support diversity jurisdiction because the parties are not diverse.[21]) Because the court dismisses the TILA claim, it declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses them without prejudice.

**1.   The Statute of Limitations Bars Ms. Patino's TILA Claim as Pled**

Ms. Patino seeks damages for Cal State 9's refusal to honor her rescission notice.[22] The issue is whether TILA's limitations period bars the claim.

"Congress passed [TILA] to help consumers 'avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing.'" *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791–92 (2015) (quoting 15 U.S.C. § 1601(a)). To that end, TILA affords borrowers time-limited rights to rescission and monetary relief for creditors' violations of its provisions. *See* 15 U.S.C. § 1635 (rescission); *id.* § 1640 (damages).

A borrower may rescind a loan under TILA within three business days "following the consummation of the transaction or the delivery of [TILA-required disclosures], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a); *Jesinoski*, 135 S. Ct. at 792. If the lender never provides the required disclosures, the borrower's right of rescission expires after three years. 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792. To exercise the right, the borrower need only give timely notice. *Jesinoski*, 135 S. Ct. at 792.

TILA imposes certain obligations on creditors when a borrower gives notice of rescission. *See* 15 U.S.C. § 1635(b). For example, within twenty days after receiving a notice of rescission, a creditor must return to the borrower any money or property received and must "take any action necessary or appropriate to reflect the termination of any security interest." *Id.* A creditor's failure

---

[21] *See* FAC ¶¶ 2–4, 16.

[22] *Id.* ¶¶ 33–36.

to honor a timely rescission request is an actionable TILA violation. *See Mitchell v. Bank of Am.*, No. 10cv432 L(WVG), 2011 WL 711579, at *4 (S.D. Cal. Jan. 31, 2011) ("Failure to respond to plaintiffs' notice of rescission is a separate violation which provides a basis for statutory damages under [TILA]."); *Buick v. World Savings Bank*, 637 F. Supp. 2d 765, 771–72 (E.D. Cal. 2008). So, a creditor that breaches these obligations may be liable for damages. *See* 15 U.S.C. § 1635(g) (where "a creditor has violated this section, in addition to rescission the court may award relief under section 1640"); *id.* § 1640 (damages for TILA violations).

The statute of limitations on TILA-damages claims is generally one year from the date of the violation. 15 U.S.C. § 1640(e). Thus, "[a] claim for damages based on violations of TILA's rescission provision" — *i.e.* where a creditor fails to honor a rescission request — "must be brought within one year" of such failure. *Cook v. Wells Fargo Bank*, No. 09cv2757 WQH (NLS), 2010 WL 1289892, at *3 (S.D. Cal. Mar. 26, 2010). But "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA [damages] action." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Such tolling is available only if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000), *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001).

Ms. Patino cites *Jesinoski v. Countrywide Home Loans, Inc.* to argue that her "rescission was timely, no lawsuit was required to have been filed by any particular time, and [her] [b]reach of TILA claim is not time-barred."[23] 135 S. Ct. 790. But her argument, while partially accurate, conflates two distinct concepts: on the one hand, there is the right to rescind a loan; on the other, there is the right to sue for TILA violations (*e.g.* when a creditor does not honor a borrower's rescission).

*Jesinoski* addressed only the procedures of the former: "whether a borrower exercises [the right of rescission] by providing written notice to his lender, or whether he must also file a lawsuit

---

[23] Opposition – ECF No. 38 at 9.

before the 3-year period elapses." *Id.* at 791. The Supreme Court decided that a borrower does not need to file a lawsuit within the three-year period to rescind a loan; written notice is sufficient. *Id.* at 792–93. In this way, Ms. Patino's argument is partly accurate: her allegations plausibly indicate that she properly exercised her right to rescind the loan by sending Cal State 9 a notice of rescission.[24] She did not need to sue to invoke that right.

But the *Jesinoski* Court did not address the real issue here: is Ms. Patino's TILA-damages claim — filed seven years after Cal State 9 refused to accept her rescission — barred by the statute of limitations? Two cases are instructive.

First, in *Jacques v. Chase Bank, USA, N.A.*, the statute of limitations barred the plaintiff's rescission-related damages claim. No. 15-548-RGA, 2016 WL 423770 (D. Del. Feb. 3, 2016). The plaintiff there executed a mortgage in June 2007 and rescinded it in May 2010, within the three-year period to do so. *Id.* at *9. The lender then had twenty days to respond. *Id.* After that time, the court explained, the plaintiff was "required to file suit within one year." *Id.* But she instead waited until June 2015, "close to four years after the expiration of the statute of limitations." *Id.* The court noted that *Jesinoski* did not help the plaintiff's case because it "d[id] not speak to the issue of . . . whether a borrower filed suit in a timely manner." *Id.* at *10. The court dismissed the claim. *Id.*[25]

Second, in contrast, the plaintiffs in *Mitchell v. Bank of America* brought a timely rescission-based claim for damages. 2011 WL 711579 at *4.[26] In *Mitchell*, the plaintiffs refinanced their mortgage in March 2006 and timely sent a rescission notice on February 28, 2009. *Id.* at *1. The one-year period to bring a damages claim "began 20 days after plaintiffs[] provided valid notice of rescission and the defendants failed to respond." *Id.* at *4. The plaintiffs sued within that one year, on February 25, 2010, and so their claim survived. *Id.* at *1, *4.

---

[24] FAC ¶¶ 19–21.

[25] In *Jacques*, there was a disagreement about when the plaintiff notified the lender of the rescission: before or after the three-year period. 2016 WL 423770 at *8. The court held that, regardless of the date, the TILA claim was time-barred. *Id.* The discussion of that case here reflects the *Jacques* court's analysis as if the rescission was completed within that statutory timeframe.

[26] Although *Mitchell* is a pre-*Jesinoski* case, the court applied the same rule as the Supreme Court adopted in *Jesinoski*. 2011 WL 711579 at *4 (concluding that the plaintiffs timely exercised their right to rescind the loan when they notified the lender within three years but did not sue until after that time).

United States District Court
Northern District of California

1    Here, similar to *Jacques* but unlike *Mitchell*, Ms. Patino's claim as pled is barred. She signed

2    the loan documents on July 14, 2006.[27] Within three business days, she notified Cal State 9 that

3    she was rescinding the loan in two written statements, saying "I wish to cancel," and "Today I

4    cancelled totally."[28] But Cal State 9 allegedly "refused to accept [her] check, and refused to allow

5    [her] to cancel the loan."[29]

6    The one-year limitations began twenty days after Ms. Patino's rescission notification — the

7    day that Cal State 9 breached its obligation to honor the notice. That date, in early August 2006,

8    means that the statutory period lapsed in August 2007. But she did not file this case until May

9    2015, over seven years too late.[30]

10    And Ms. Patino does not allege facts in her FAC to support equitable tolling. Indeed, because

11    Cal State 9 sent back the check with an "X" and the word "void" written on it, she was put on

12    notice that it did not intend to honor her rescission. Although the complaint does not state when

13    she received that check, it appears from the surrounding paragraphs to be sometime between

14    August 2006 and November 2007.[31] The one-year limitations period lapsed before she filed suit.

15    The statute of limitations therefore bars Ms. Patino's TILA claim as pled in the FAC. But it is

16    not clear that Ms. Patino cannot amend her complaint to support equitable tolling. And her counsel

17    argued at the hearing that her claim is not time barred (even without equitable tolling) under a

18    theory of defensive recoupment, and requested leave to amend to clarify that theory. *See* 15 U.S.C.

19    § 1640(e) (the one-year time limit "does not bar a person from asserting a violation of this

20    subchapter in an action to collect the debt which was brought more than one year from the date of

21    the occurrence of the violation as a matter of defense by recoupment or set-off in such action");

22    *Matter of Coxson*, 43 F.3d 189, 193–94 (5th Cir. 1995); *In re Beach*, 447 B.R. 313, 320–22 (D.

23    Idaho 2011). The court therefore grants Ms. Patino leave to amend her TILA claim.

24

25    [27] FAC ¶ 18, Ex. A.

26    [28] *Id.* ¶ 21.

27    [29] *Id.* ¶ 23.

      [30] *See* Compl. – ECF No. 1.

28    [31] *See* FAC ¶¶ 21–24.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 2.   The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And although courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of exercising supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

Here, Ms. Patino asserts federal-question jurisdiction based on her TILA claim.[32] But the court dismisses that claim and the remaining state-law claims do not support diversity jurisdiction because the parties are not completely diverse: Ms. Patino lives in California and Bosco Credit and The Wolf Firm have their principal places of business there, too.[33] Because the case is in its early stages and because only state-law claims remain, the court declines to exercise supplemental jurisdiction in the interests of judicial economy and comity.

The court accordingly declines to address the sufficiency of Ms. Patino's state-law claims at this time and dismisses them without prejudice.

---

[32] *See id.* ¶ 16.

[33] *Id.* ¶¶ 2, 4; Compl. – ECF No. 1 at 2.

1

**CONCLUSION**

2    The court grants in part the defendants' motion and dismisses Ms. Patino's TILA claim but

3  grants leave to amend. The court declines to exercise supplemental jurisdiction over her state-law

4  claims at this time and dismisses them without prejudice.

5    Ms. Patino may file an amended complaint within four weeks.

6

7    **IT IS SO ORDERED.**

8    Dated: February 16, 2016

9    _____

10   LAUREL BEELER
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California